UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TRAYSHAUN PERNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:16-CV-786 JD |
| | ) | |
| JEFF FOUST, BRIAN MARTIN, and BRENT RODDY, | ) ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Trayshaun Pernell, a pro se prisoner, is suing three police officers who were involved in obtaining his arrest warrant for the attempted murder of Dytrell Allen. Pernell was convicted of that crime and is serving a 40 year sentence. *Pernell v. State*, 57 N.E.3d 900 (Ind. Ct. App. 2016) (table). Pernell alleges that the defendants used false evidence to obtain the arrest warrant and then falsely arrested him with that warrant. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Pernell's arrest warrant was based on the victim's deposition testimony identifying Kulon Lewis and "Trigga Trey" as the two people who shot him. When the police determined that "Trigga Trey" was Trayshaun Pernell, they showed the victim a photo line up after the deposition and he positively identified Pernell. This information was included in the probable cause affidavit. Based

on the victim's testimony, an arrest warrant was issued for Pernell. It is that warrant that Pernell alleges contained false evidence.

Pernell does not dispute that the victim told the police he was shot by "Trigga Trey" nor that the victim positively identified his photo. He does not dispute the validity of the photo line up where he was identified. Rather, he argues that the affidavit falsely states that the victim had previously identified his co-defendant, Kulon Lewis, in a photo line up when the victim was in the trauma ward recovering after surgery. Pernell believes the trauma ward photo identification of Lewis did not happen because the victim testified that he did not remember it.

> Because [Pernell's] arrest was made pursuant to a facially valid warrant issued by a judicial officer, the [defendants] violated [Pernell]'s rights only if reasonably well-trained officers in their positions should have known that the testimony or affidavits they provided in support of the warrants would have failed to establish probable cause, so that they should not have applied for the warrants in the first place. To demonstrate this, [Pernell must] identify evidence in the record showing that [the defendants], knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that <u>the false statements were necessary to the judicial officers' determinations</u> that probable cause existed for the arrests. A "reckless disregard for the truth" is demonstrated by showing that the officers entertained serious doubts as to the truth of their statements, had obvious reasons to doubt the accuracy of the information reported, or <u>failed to inform the judicial officer of facts they knew would negate probable cause</u>.

*Beauchamp v. City of Noblesville*, 320 F.3d 733, 742-743 (7th Cir. 2003) (citations omitted, emphasis added).

First, the mere fact that the victim did not remember speaking to the police when he was in the trauma room waking up from surgery is not proof that the police lied about questioning him or lied about his responses. Second, the trauma room statements were not necessary to the determination that probable cause existed to issue a warrant for Pernell's arrest. The Pernell warrant relied on the victim's statements during his deposition and his subsequent photo

identification of Pernell. Third, even if the police had told the judicial officer that the first interview was a total fabrication, it would not have negated the facts necessary for probable cause.

Pernell argues that the warrant's trauma room statements about Kulon Lewis, his co-defendant, are relevant because the victim did not identify Pernell until he was being deposed by Lewis' criminal defense attorney. He believes that but for the invalid arrest of Lewis, the victim's statements would not have been made during that deposition. Certainly, the victim would not have been deposed by Lewis' attorney if Lewis had not been previously identified and arrested. However, that does not mean that the warrant for Pernell was invalid. The Pernell warrant was based on the victim's legitimate identification of Pernell. The victim's identification was not the product of the trauma room statements (even if totally fabricated), because the victim was known to the police and would have identified Lewis and Pernell at some later date anyway. Therefore this complaint does not state a claim.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

SO ORDERED.

ENTERED: May 23, 2017

                                            /s/ JON E. DEGUILIO
                                            Judge
                                            United States District Judge